## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

COREY D. MARTIN,

    Petitioner,

    v.                                                        Case No. 04-C-0464

PHILLIP KINGSTON, Warden,
Waupun Correctional Institution,

    Respondent.

## DECISION AND ORDER

    The petitioner, Corey D. Martin, filed his petition for a writ of habeas corpus on May 14, 2004. Since that filing, many motions have been filed and decided by the court. First, the petitioner filed a motion for appointment of counsel. Counsel was appointed, but later was granted leave to withdraw. On October 28, 2004, the petitioner filed a motion to amend the petition which was denied without prejudice by order dated December 31, 2004. On January 25, 2005, the petitioner filed another motion to amend the petition. By order dated March 14, 2005, the court granted, in part, and denied, in part, the petitioner's motion. The petitioner's subsequent motion for reconsideration was granted by order dated April 26, 2005.

    The petitioner also filed an "Ex Parte Motion for Investigative / Expert Services." By that motion, the petitioner sought to present documentation and photographic evidence of the area encompassing the southwest and southeast corners of North Martin Luther King Drive and West Center Street, as it stood in July of 1990. Concluding that such information was discoverable through the exercise of due diligence at the time of the petitioner's trial, the court denied the petitioner's motion.

The respondent, in his "Response to Petition for Writ of Habeas Corpus" filed on June 22, 2004, challenged the timeliness of the petitioner's petition. In an order dated March 14, 2005, the court indicated that the respondent's challenge to the timeliness of the petition and the petitioner's response to the challenge provided "insufficient information for the court to determine the issue." (Court's Order of March 14, 2005, at 8). The court also explained that the filing of a motion to dismiss would provide "the petitioner an opportunity to respond." Id.

The respondent did not file a motion to dismiss. Subsequently the petitioner filed an amended petition and the respondent answered, affirmatively alleging that the court was precluded from considering the petitioner's petition for a writ of habeas corpus because it was not filed within the one-year statute of limitations imposed by 28 U.S.C. § 2254(d). After determining that the respondent clearly did not waive the timeliness issue, the court, in an order dated December 22, 2005, set a briefing schedule on the issue. The timeliness issue is now fully briefed and will be addressed herein.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (AEDPA) which gave state prisoners one year from the final disposition of their case to file for habeas relief.[1] See Jones v. Bertrand, 171 F.3d 499, 500 (7th Cir. 1999). In Lindh v. Murphy, 96 F.3d 856, 866 (7th Cir. 1996) (en banc), rev'd on other grounds, 521 U.S. 320 (1997), the court held that when the final disposition of a state court conviction occurred before the passage of the AEDPA, a state prisoner would be allowed until April 23, 1997, one year after the passage of the AEDPA to file his petition for habeas relief. See Jones, 171 F.3d at 500.

In this case, the petitioner was convicted of first-degree intentional homicide, party to the crime and first-degree recklessly endangering safety by use of a dangerous weapon, also

---

[1] The time limit for the filing of habeas corpus applications is codified as 28 U.S.C. § 2244(d)(1).

- 2 -

as a party to the crime, in Milwaukee County Circuit Court on September 2, 1992. The petitioner appealed to the Wisconsin Court of Appeals, which affirmed his conviction on May 2, 1995. (Answer, Exh. E). The Wisconsin Supreme Court denied the petitioner's petition for review on August 28, 1995. (Answer, Exh. H).

Because the final disposition of his state court conviction occurred before the passage of the AEDPA, the petitioner had until April 24, 1997, to file his petition for relief. The petitioner did not file his petition until 2004, and, therefore, it is untimely.

The court notes that in certain circumstances, however, the petitioner may demonstrate a basis for tolling the statute of limitations for filing a petition for a writ of habeas corpus. Section 2244(d)(2) provides for the tolling of the statute of limitations for "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgement or claim is pending." 28 U.S.C. § 2244(d)(2).

In February 1999, the petitioner filed a petition for a writ of habeas corpus in the Wisconsin Court of Appeals pursuant to State v. Knight, 168 Wis. 2d 509, 484 N.W.2d 540 (1992). (Answer, Exh. I). In his petition, he alleged that his appellate counsel had been ineffective for inadequately briefing a claim that the petitioner had been improperly forced to use his preemptory challenges to remove potential jurors who should have been removed for cause. Id. The court of appeals granted the petition and granted the petitioner a new direct appeal. (Answer, Exh. N).

However, the State petitioned the Wisconsin Supreme Court for review of the court of appeals' decision, which was granted. (Answer, Exh. O). The supreme court vacated the court of appeals' decision and remanded the case to the court of appeals for reconsideration in light of its then-recently-decided opinion in State v. Lindell, 245 Wis. 2d 689, 629 N.W.2d 223 (Wis. 199 ). (Answer, Exh. R). The court of appeals denied the petitioner's petition on

- 3 -

remand on November 25, 2002, and the Wisconsin Supreme Court denied his petition for review on February 19, 2003. (Answer, Exh. W, Z). The petitioner's petition for writ of habeas corpus was filed in this court on May 14, 2004.

The petitioner's filing of his petition for a writ of habeas corpus in the Wisconsin Court of Appeals in February of 1999, did not toll the time period for filing a petition for a writ of habeas corpus in federal court because the one-year period of limitation had already expired. Thus, there was nothing for the filing of the petition to toll. The one-year period of limitation cannot be tolled by the later filing of a motion or petition seeking collateral relief. Escamilla v. Jungwirth, 426 F.3d 868, 870 (7th Cir. 2005).

Nevertheless, the petitioner asserts that when the Wisconsin Court of Appeals reinstated his direct appeal rights, he was afforded a new federal habeas filing period. The petitioner cites Shepeck v. United States, 150 F.3d 800 (7th Cir. 1998), in support of his petition. However, Shepeck is inapplicable to the facts of this case. Shepeck dealt with whether or not the petitioner needed appellate approval to file a second 28 U.S.C. § 2255 petition. Specifically, the court held "[f]or the purposes of §§ 2244 and 2255, then, an order *granting* a § 2255 petition and reimposing sentence, resets to zero the counter of collateral attacks pursued." Shepeck, 150 F.3d at 801.

Moreover, in this case, the Wisconsin Supreme Court vacated the court of appeals' decision reinstating the petitioner's direct appeal rights. The supreme court remanded the decision and on remand the court of appeals concluded that the petitioner was not entitled to habeas relief. The Wisconsin Supreme Court subsequently affirmed the decision when it denied the petitioner's petition for review. Accordingly, because the court of appeals' decision reinstating the petitioner's direct appeal rights was vacated, the petitioner was not afforded a new federal habeas filing period.

- 4 -

Case 2:04-cv-00464-PJG    Filed 05/31/06    Page 4 of 7    Document 94

The petitioner also asserts that the respondent should be estopped from asserting that his petition is untimely. The doctrine of equitable estoppel applies to situations involving "conduct by the defendant that prevents the plaintiff from suing within the statutory period." Williams v. Sims, 390 F.3d 958, 959 (7th Cir. 2004). To establish equitable estoppel, the petitioner needs to prove "'affirmative misconduct' by the state, in addition to the traditional requirements of reasonable reliance to his detriment on the state's misrepresentations." Powell v. Davis, 415 F.3d 722, 728 (7th Cir. 2002).

In this case, the petitioner asserts that the State's decision resolving his habeas petition violated federal law. The petitioner cites to no "affirmative misconduct" by the State of Wisconsin. Moreover, no conduct by the State of Wisconsin prevented the petitioner from filing his petition within the statutory period. Thus, the respondent is not estopped from asserting that the petitioner's petition is untimely.

The petitioner also asserts that the time for filing his federal habeas petition should be equitably tolled. Specifically, the petitioner asserts that he did not discover the predicates of his claims until 2004.

Neither the United States Supreme Court nor the court of appeals for this circuit has decided whether, or to what extent, the doctrine of equitable tolling of the one-year deadline in 2254(d)(1) is available under ADEPA. See Pace v. DiGuglielmo, 544 U.S. 408, 418 n.8 (2005); Williams v. Sims, 390 F.3d 958, 962 (7th Cir. 2004); Johnson v. McCaughtry, 265 F.3d 559, 566 (7th Cir. 2001); Taliani v. Chrans, 189 F. 3d 597, 598 (7th Cir. 1999). Nevertheless, if it applied, a petitioner seeking equitable tolling of the limitations period in §2254 would have to establish (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace, 544 U.S. at 418.

Therefore, assuming that doctrine of equitable tolling is available under AEDPA, the petitioner in the instant case fails to meet the criteria for the equitable tolling of the one-year filing limitation. The petitioner asserts that his brother told him in 2004 that it would have been impossible for the petitioner to have committed the drive-by shooting as it was described at trial because the layout of the buildings in the area would have made it impossible. The petitioner has not presented information that he could not, despite the exercise of reasonable diligence, have discovered all the information he needed to be able to file his claim in a timely fashion. Id. The court held as much in its May 31, 2005, Order.

Moreover, in addition to failing to demonstrate that he diligently pursued his rights, the petitioner failed to demonstrate that some "extraordinary circumstance stood in his way." See Pace, 544 U.S. at 418. The petitioner asserts that he could not have personally investigated the area because he was incarcerated and that his trial counsel was ineffective for failing to investigate the area of the shooting. Although the petitioner could not have inspected the scene of the shooting himself, he could have directed someone to inspect it on his behalf. Moreover, trial counsel's negligence is not a ground for equitable tolling. Taliani, 189 F.3d at 598. Therefore, the submissions before the court do not provide a basis for concluding that the doctrine of equitable tolling would be applicable.

Finally, the petitioner asserts that he is actually innocent of the crimes for which he was convicted. However, the court of appeals for this circuit recently held that "[p]risoners claiming to be innocent, like those contending that other events spoil the conviction, must meet the statutory requirement of timely action." Escamilla, 426 F.3d at 872. Thus, in this circuit, actual innocence is not a freestanding exception to the statute. Araujo v. Chandler, 435 F.3d 678, 682 (7th Cir. 2005).

- 6 -

In conclusion, the petitioner's petition for a writ of habeas corpus is untimely and, therefore, the petition will be dismissed. The petition was filed several years beyond the filing deadline. Furthermore, the petitioner's Wis. Stat. § 974.06 motion does not toll the statute of limitations as it was filed after the filing deadline. In addition, there is no factual basis for application of the doctrines of equitable estoppel or equitable tolling in this case and actual innocence does not extend the time to seek collateral relief.

## **CONCLUSION**

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the petitioner's petition for a writ of habeas corpus be and hereby is **denied**.

**IT IS FURTHER ORDERED** that this action be and hereby is dismissed.

**FINALLY IT IS ORDERED** that he Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this ___ day of May, 2006.

BY THE COURT:

s/Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge

O:\HABEAS\Martin order timeliness.wpd - 7 - May 31, 2006

Case 2:04-cv-00464-PJG Filed 05/31/06 Page 7 of 7 Document 94