# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

COREY D. MARTIN,

    Petitioner,

v.                                                                      Case No. 04-C-0464

PHILLIP KINGSTON, Warden,
Waupun Correctional Institution,

    Respondent.

## DECISION AND ORDER

The petitioner, Corey D. Martin, filed his petition for a writ of habeas corpus on May 14, 2004. By a decision and order dated May 31, 2006, this court denied the petition for a writ of habeas corpus on the basis that it was untimely filed. The Clerk of Court entered judgment the following day. On June 12, 2006, the petitioner filed a motion to amend/correct the court's May 31, 2006, decision and order. The respondent did not file a response to the petitioner's motion.

The petitioner asserts that the court erred in concluding that there was no "affirmative misconduct" on the part of the State of Wisconsin, analyzed the effect of the discovery of certain factual predicates under the incorrect standard and incorrectly relied on its May 31, 2005, decision and order in determining that the petitioner had not acted with the diligence required under 28 U.S.C. § 2244(d)(1)(D). The petitioner maintains that the state's "retroactive application of State v. Lindell, 245 Wis.2d 689, 629 N.W.2d 223 (Wis. 2001), constituted 'affirmative misconduct' by the [s]tate." (Petitioner's Motion to Alter or Amend Decision and Order at 1). In support of his argument, the petitioner cites Timberlake v. Davis, 409 F.3d 819

(7th Cir. 2005) and Del Vecchio v. Illinois Dept. of Corrections, 8 F.3d 509, 518 (7th Cir. 1993), vacated, Del Vecchio v. Illinois Dept. of Corrections, 8 F.3d 530 (7th Cir. 1993).[1]

The Indiana Supreme Court, in Timberlake, "relied on state procedural rules that changed after [the petitioner's] direct appeal." 409 F.3d at 820. The court of appeals for this circuit explained that "only a rule that was established at the time of the act said to constitute the procedural default is an 'independent and adequate state ground' that blocks federal collateral review." Id. at 821 (citing Ford v. Georgia, 498 U.S. 411. 424 [1991]).

The other case cited by the petitioner, Del Vecchio v. Illinois Dept. of Corrections, 8 F.3d 509, 518 (7th Cir. 1993), was vacated by Del Vecchio v. Illinois Dept. of Corrections, 8 F.3d 530 (7th Cir. 1993), on a grant of a rehearing en banc. In the resulting decision, Del Vecchio v. Illinois Dept. of Corrections, 31 F.3d 1363, 1380 (7th Cir. 1994), the court explained that the Illinois Supreme Court determined, as a matter of Illinois law, that the defendant's guilty plea waived any subsequent challenge to the voluntariness of the confessions. Concluding that they could not "say that the state applied a 'firmly established and regularly followed' rule" in the case, the court determined a procedural bar did not apply and proceeded to the merits of the issue. Id. 31 F.3d at 1381.

In this case, the Wisconsin Court of Appeals did not conclude that the petitioner's ineffective assistance of counsel claim was procedurally barred. Rather, the court concluded that under State v. Lindell, 245 Wis. 2d 689, 629 N.W.2d 223 (Wis. 2001), the petitioner could not demonstrate that he was prejudiced by his appellate counsel's deficient performance. Accordingly, neither of the cases cited by the petitioner support his assertion that the court

---

[1] Because this case has been vacated, it has no precedential value and should not be cited as such.

- 2 -

erred in concluding there was no "affirmative misconduct" on the part of the State of Wisconsin.[2]  Moreover, State v. Ramos, 211 Wis. 2d 12, 564 N.W.2d 328 (Wis. 1997), was not decided until May 1, 1997, after the plaintiff's time for a filing a petition for a writ of habeas corpus had expired.  State v. Lindell, 245 Wis. 2d 689, 629 N.W.2d 223 (Wis. 2001) overruled State v. Ramos.  Thus, the Wisconsin Courts could not have "retroactively applied Lindell to vacate [the petitioner's] direct appeal right's (sic)."  (Petitioner's Motion to Alter or Amend Decision and Order at [Petitioner's Motion] 2).

The petitioner also asserts that the court incorrectly analyzed the affect of the discovery of certain factual predicates.  Specifically, the petitioner maintains that the one-year period of limitation did not begin to run until he knew or should have known that his trial counsel did not adequately investigate the scene and that the shooting could not have occurred as witnesses testified that it did.  In support of his assertion, the petitioner cites Moore v. Knight, 368 F.3d 936 (7th Cir. 2004) and 28 U.S.C. § 2244(d)(1)(D).

A defendant has a one-year deadline to file a petition for a writ of habeas corpus. Section 2244(d)(1) provides, in relevant part, that the limitation period runs from the later of "the date on which the judgment became final" or "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2244(d)(1)(A), (D).  The petitioner contends that the court, in determining that his petition was untimely filed, erroneously started the running of the limitations period on "the date on which the judgment became final."  See 28 U.S.C. § 2244(d)(1)(A).  According to the petitioner, the court should have started the running of the

---

[2]The court also notes that it cannot phantom a situation in which a state court's decision would be considered "affirmative misconduct" by the state. However, even if it is possible, this is not such a situation.

- 3 -

limitations period in February of 2004, "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." See 28 U.S.C. § 2244(d)(1)(D). In Moore, the court determined that the petitioner had not discovered the factual predicate of his claim that the state trial court judge violated his right to a fair trial by authorizing ex parte communications with the jury until the day he received an investigator's letter detailing the results of his investigation into the ex parte communications. 368 F.3d at 939.

In this case, the petitioner did not bring a claim for ineffective assistance of trial counsel. Therefore, the date he discovered that his trial counsel failed to conduct an adequate investigation is irrelevant. Moreover, if the petitioner is contending that this discovery affects his claim that he is actually innocent, he knew of his actual innocence long before February of 2004.

Finally, the petitioner asserts that the court incorrectly relied on its May 31, 2005, decision and order in determining that the petitioner had not acted with the diligence required under 28 U.S.C. § 2244(d)(1)(D). The petitioner asserts that this court's May 31, 2005, Order is contrary to Davis v. Lambert, 388 F.3d 1052 (7th Cir. 2004). The petitioner cites this statement in Davis: "the requirement under § 2254(e)(2) that a petitioner develop the factual basis of a claim should not bar her from obtaining an evidentiary hearing on habeas corpus review, when the basis of her *Strickland* claim is counsel's failure fully to develop the record below." 388 F.3d at 1061. As mentioned previously, the petitioner did not bring a claim for ineffective assistance of trial counsel. Accordingly, Davis, is inapplicable to the facts of this case.

In sum, for all of the reasons stated above, the petitioner's motion to amend/correct the court's May 31, 2006, decision and order will be denied.

## **ORDER**

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the petitioner's motion to amend/correct the court's May 31, 2006, decision and order be and hereby is **denied**. (Docket #96).

Dated at Milwaukee, Wisconsin, this 31st day of July, 2006.

BY THE COURT:

s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge